## MILLER v. GIVENS.

[No. 6,125. Filed October 31, 1906.]

APPEAL.—*Assignment of Errors.—Parties.—Intoxicating Liquors. —Remonstrances.*—Where one person alone, in a proceeding to obtain a liquor license, answered that a remonstrance had been filed against the granting of such license by a majority of the legal voters of the township, he may not assign error in the Appellate Court for himself and on behalf of such remonstrators, such remonstrators not being parties below.

From Jay Circuit Court; *John F. La Follette,* Judge.

Petition by James Given, against which Freeman Miller remonstrates. From a judgment for petitioner,

remonstrant appeals.   Motion for leave to amend assignment of· errors.   (For decision on merits, see — Ind. App. —.)   *Denied.*

*S. W. Haynes* and *J. F. Lewis,* for appellant.

*Snyder & Smith,* for appellee.

ROBINSON, C. J.—Appellee applied for a license to sell liquor in Dunkirk.   In the commissioners' court Freeman Miller appeared and moved to dismiss the application, on the grounds that the application and notice failed to describe property situated on a public highway or street, and failed to describe property in Dunkirk.   This motion was sustained, and appellee appealed to the Jay Circuit Court. In that court Miller filed an answer alleging facts which showed that on June 2, 1905, three days before the regular June session of the commissioners, a written remonstrance was filed, signed by himself and others, constituting a majority of the legal voters of the township, against the granting of a liquor license to all applicants, and that on a hearing the commissioners found that a majority of the legal voters of the township had signed the remonstrance and entered an order on the finding.   Appellee's demurrer to this answer was sustained.   The cause was submitted to the court, and, upon a hearing, license was ordered to be issued to appellee.

Freeman Miller has filed in this court a transcript of the proceedings and an assignment of errors, and with the transcript, and attached thereto, his petition, asking that an order be granted permitting him to file an assignment of errors without the use of the names of all the original remonstrators, and that the cause be docketed and heard in his name in his and their behalf.

The answer in the circuit court was filed by Freeman Miller alone.   He alone seems to have been considered the only adversary party.   He has assigned error in his own name.   Whether he has perfected the appeal is a question

not presented. So far as his petition asks to assign error on behalf of those, other than himself, who signed the remonstrance, but who did not appear and answer, it is overruled.